**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Dr. Hauschka Skincare, Inc., | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:26-cv-05226 |
| v. | ) | |
| | ) | |
| Telescents, Inc., | ) | |
| Defendant | ) | |

## Complaint

**NOW COMES** Dr. Hauschka Skincare, Inc. ("Plaintiff"), by and through its undesigned counsel and hereby brings its case against Telescents, Inc. ("Defendant"), and alleges as follows:

### Introduction

1. This action has been filed by Plaintiff to combat online unfair competition from the sale of unauthorized and materially different products, including skin-care products (the "Infringing Dr. Hauschka® Products").

2. Defendant has traded and continue to trade upon Plaintiff's commercial reputation and goodwill by offering for sale and/or selling unauthorized products to consumers within the United States, including the State of Illinois and this Judicial District.

3. Defendant has created a fully interactive, commercial internet store operating under at least the website FragranceNet.com (the "Defendant Online Store") wherein Defendant is selling materially-different gray-market versions of Plaintiff's products to unknowing consumers.

4. Defendant's actions are likely to cause, if they have not already caused, a mistaken belief that Defendant's products are in fact Plaintiff's genuine U.S. Dr. Hauschka® products or that Defendant is somehow related to or authorized by Plaintiff.

5. Plaintiff has been and continues to be irreparably damaged by Defendant's wrongful sales of unauthorized products and accordingly seeks injunctive and monetary relief.

**Jurisdiction and Venue**

6.  This Court has original subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1051, *et seq.*, and 28 U.S.C. §§ 1331, 1338(a)-(b).

7.  This Court has jurisdiction over the claims herein arising under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant, because Defendant: (i) directly targets its business activities toward consumers in the United States, including Illinois and this Judicial District; (ii) operates one or more commercial, fully-interactive storefronts through which residents of Illinois and this Judicial District can purchase unauthorized products in U.S. dollars and have them shipped into this Judicial District; and (iii) has sold and shipped an unauthorized product into this Judicial District.  Defendant has committed and is committing tortious acts in Illinois and this Judicial District, including shipping unauthorized products into this forum, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

**Parties**

9.  Plaintiff Dr. Hauschka Skincare, Inc. is a corporation which is organized under the laws of Massachusetts and sells its skin-care products throughout the United States, including Illinois.

10.  Plaintiff has marketed and sold skin-care products and/or related body care products to the U.S. market since 1993, through the website www.drhauschka.com and/or various retail outlets.

11.  Plaintiff is the exclusive U.S. distributor of world-renowned Dr. Hauschka® products and is the sole U.S. agent of WALA Heilmittel GmbH, which manufactures Dr. Hauschka® products.

12. Plaintiff's efforts and accomplishments have made it a well-known and recognized name in the skin-care products industry. Plaintiff has earned its enviable reputation as a result of its commitment to providing the highest quality natural skin-care products.

13. Plaintiff is the only business and/or individual authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Dr. Hauschka Trademarks into the United States. Plaintiff has not licensed or authorized Defendant to use the Dr. Hauschka Trademarks, nor has WALA Heilmittel GmbH, which manufactures Dr. Hauschka® products.

14. Upon information and belief, Defendant Telescents, Inc. is a New York corporation doing business as fragrancenet.com.

15. Upon information and belief, Defendant Telescents, Inc. does business throughout the United States, including within the State of Illinois and this Judicial District, including through the operation of the fully interactive, commercial online store fragrancenet.com.

**Plaintiff's Trademark Rights**

16. Plaintiff is the exclusive United States licensee of the trademarks set forth below:

| Reg. No. | Trademark | Goods |
|---|---|---|
| 2,497,734 | Dr. HAUSCHKA | IC 003: COSMETICS, namely, SKIN CLEANSERS, PURIFIERS, TONERS,LOTIONS, OILS, GELS, [ TEXTURIZERS, ] EXFOLIANTS, CREAMS, ASTRINGENTS,BLUSHERS, FACE POWDERS, BODY AND FACIAL CONCEALERS, EYE MAKEUP REMOVER, FOUNDATION MAKEUP, BRONZERS, LIPSTICK, LIP GLOSS, LIP LINER,PERSONAL DEODORANTS, FACIAL MASKS OF THERAPEUTIC SOILS, FINGERNAIL AND CUTICLE OILS; [ PERFUMERY, SKIN SOAPS; ] NON-MEDICATED BATH SALTS AND BUBBLE BATHS; ESSENTIAL OILS FOR PERSONAL USE, MASSAGE OILS, HAIR CARE PREPARATIONS, namely, CONDITIONERS, SHAMPOOS, HAIR DRESSING, HAIR MOUSSE, [ HAIR SPRAY, AND HAIR STYLING GELS AND SPRAYS, ] HAIR LOTIONS; DENTIFRICES |

| | | |
|---|---|---|
| 2,475,278 | | IC 003: COSMETICS, namely, SKIN CLEANSERS, PURIFIERS, TONERS,LOTIONS, OILS, GELS, [ TEXTURIZERS, ] EXFOLIANTS, CREAMS, ASTRINGENTS,BLUSHERS, FACE POWDERS, BODY AND FACIAL CONCEALERS, EYE MAKEUP REMOVER, FOUNDATION MAKEUP, BRONZERS, LIPSTICK, LIP GLOSS, LIP LINER,PERSONAL DEODORANTS, FACIAL MASKS OF THERAPEUTIC SOILS, FINGERNAIL AND CUTICLE OILS; [ PERFUMERY, SKIN SOAPS; ] NON-MEDICATED BATH SALTS AND BUBBLE BATHS; ESSENTIAL OILS FOR PERSONAL USE, MASSAGE OILS, HAIR CARE PREPARATIONS, namely, CONDITIONERS, SHAMPOOS, HAIR DRESSING, HAIR MOUSSE, [ HAIR SPRAY, AND HAIR STYLING GELS AND SPRAYS, ] HAIR LOTIONS; DENTIFRICES |
| 6,951,900 | | IC 003: Washing preparations and laundry bleach; cleaning, polishing, and abrasive preparations and grease removers for household use; skin soaps, non-medicated bath soaps, toilet soaps, beauty soaps, cream soaps, non-medicated hand soaps; non-medicated bath preparations; perfumery, essential oils, toilet and beauty products, namely, cosmetics; hair care products, namely, conditioners, shampoos, hair dressing, hair mousse, hair spray, hair styling gels and sprays; hair lotions; dentifrices<br><br>IC 005: Homeopathic medicines for external and internal application, in particular in the form of tablets, capsules, powders, suppositories, ampoules, drops, ointments and gels, for use in the prevention and treatment of viral, metabolic, endocrine, musculoskeletal, cardiovascular, cardiopulmonary, genitourinary, sexual dysfunction, oncological, hepatological, ophthalmic, respiratory, neurological, gastrointestinal, hormonal, dermatological, psychiatric and immune system related diseases and disorders; Sanitary products, namely, sanitary pants, panties, towels, pads, napkins, tampons, and sanitary preparations for medical purposes; medicated massage oils; nutritive muscle oils for medical purposes, medicated bath preparations and oils; soil for therapeutic purposes being probiotic supplements; food supplements and tonics being dietary supplements made with natural substances for medical use, consisting mainly of plant substances, minerals and plant extracts |

(hereinafter, collectively referred to as the "Dr. Hauschka Trademarks"). A true and correct copy of the registration certificates of the Dr. Hauschka Trademarks are attached hereto as **Exhibit 1**.

17. The Dr. Hauschka Trademarks are well-known to the public, legally valid, and subsisting, and owned exclusively by WALA Heilmittel GmbH.

18. The Dr. Hauschka® products have been widely advertised and extensively offered for sale under the Dr. Hauschka Trademarks. As a result of the widespread and extensive use of the Dr. Hauschka Trademarks, and the public's widespread and favorable acceptance and recognition of them, the Dr. Hauschka Trademarks have become assets of substantial value as a symbol of the quality goods, goodwill, and reputation of the Dr. Hauschka brand.

19. Plaintiff has invested significant resources advertising and promoting its products using the Dr. Hauschka Trademarks in order to achieve the success it now enjoys. As a result of Plaintiff's investment, the Dr. Hauschka Trademarks have become synonymous with high-quality goods in the industry. Dr. Hauschka® skin-care products have become well known and are in great demand throughout the U.S.

20. The Dr. Hauschka Trademarks have been extensively and continuously advertised and promoted to the public through various means, including on the Internet. Further, Dr. Hauschka® products have received widespread, unsolicited, consumer and industry recognition and acclaim.

21. As a result of such advertising and attention, the U.S. public has come to recognize products bearing the Dr. Hauschka Trademarks as originating solely from Plaintiff in the United States.

**Defendant's Unlawful Acts**

22. Defendant Telescents, Inc. offers for sale through at least their fragrancenet.com storefront a variety of gray-market products to U.S. consumers.

23. Defendant Telescents, Inc. offers for sale through at least their fragrancenet.com storefront various Dr. Hauschka products which are not authorized for sale into the U.S.

24. A true and correct copy of screenshots of Defendant's Unauthorized Dr. Hauschka Product listing and photographs of a test purchase to Illinois confirming its infringing and unauthorized character is attached hereto as **Exhibit 2.**

25. The gray-market product shipped to Illinois bears French-language labels and packaging intended for foreign markets and is materially different from U.S.-specific Dr. Hauschka products authorized for sale by Plaintiff in the United States.

26. The unauthorized product shipped to Illinois did not include the product information literature ordinarily provided with authorized U.S.-market Dr. Hauschka products, further increasing the likelihood of confusion to U.S. consumers regarding the nature, characteristics, use, and Plaintiff's approval of the product.

27. On information and belief, the unauthorized product shipped to Illinois, as packaged and bearing the barcode reflected on the test purchase, has not been properly listed with the U.S. Food and Drug Administration as a cosmetic product for U.S. sale, and its packaging does not comply in all respects with requirements applicable to U.S.-market cosmetic products.

28. The packaging of the unauthorized product shipped to Illinois is materially different from Plaintiff's authorized U.S.-market packaging in additional respects, including omitting U.S. avoirdupois declarations and not identifying ingredients using their U.S. common names as reflected in U.S. cosmetic labeling conventions.

29. The packaging of the unauthorized product shipped to Illinois is further materially different because it omits the U.S. contact information required for serious adverse event reporting for cosmetic products sold in the United States.

30. On information and belief, Defendant offers a variety of other Dr. Hauschka products through fragrancenet.com that likewise are not authorized for sale into the United States and are materially different from Plaintiff's authorized U.S.-market products. A true and correct copy of the current unauthorized listings available on fragrancenet.com are attached hereto as **Exhibit 3.**

31. Defendant, without any authorization or license from Plaintiff or WALA Heilmittel GmbH, has knowingly and willfully used and continues to use the Dr. Hauschka Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Dr. Hauschka Products into the United States and into Illinois over the Internet.

32. Defendant's unauthorized use of the Dr. Hauschka Trademarks in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Dr. Hauschka Products, including with respect to the sale of such products into the United States, including specifically Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

33. Plaintiff sent cease-and-desist letters to Defendant on February 25, 2026[1] and April 2, 2026[2], with USPS confirming that at least the April 2, 2026 letter was received by Defendant on April 7, 2026.  As of the filing of this Complaint, Defendant continues to offer for sale in the U.S. Unauthorized Dr. Hauschka Products[3].  True and correct screenshots of Defendant's current offer for Unauthorized Dr. Hauschka Products are attached hereto as **Exhibit 4**.

### Count I - Trademark Infringement (15 USC § 1114)

34. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 33.

---

[1] USPS Tracking Number 9589071052702462718247
[2] USPS Tracking Number 9402750899563000108611
[3] See https://www.fragrancenet.com/skincare/dr.-hauschka/dr.-hauschka/revitalising-day-lotion#408646, last accessed May 5, 2026

35. The USPTO has granted federal trademark registrations for the Dr. Hauschka Trademarks, which are owned by WALA Heilmittel GmbH. Plaintiff is the exclusive licensee of the Dr. Hauschka Trademarks in the United States.

36. Defendant's unauthorized sales, offers for sale, distribution or advertising of Unauthorized Dr. Hauschka Products to unsuspecting consumers is a violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant's sale, offer for sale, distribution or advertising of Unauthorized Dr. Hauschka Products has created a substantial likelihood of confusion or caused mistake or deception in consumers' minds because the Unauthorized Dr. Hauschka Products, although in some ways, at first glance, appear physically similar to genuine U.S. Dr. Hauschka® products, are materially different from genuine U.S. Dr. Hauschka® products.

38. Defendant's unauthorized use of the Dr. Hauschka Trademarks constitutes use in commerce, without the consent of Plaintiff, of a reproduction, counterfeit, copy, or colorable imitation of the Dr. Hauschka Trademarks in connection with the sale, offer for sale, distribution or advertising of products. Such use is likely to cause confusion or mistake, or to deceive customers, and therefore infringes the Dr. Hauschka Trademarks, in violation of 15 U.S.C. § 1114.

39. Defendant's actions constitute deliberate, knowing and willful infringement of Plaintiff's rights in the Dr. Hauschka Trademarks with bad-faith intent to cause confusion and trade on the goodwill of the Dr. Hauschka Trademarks.

40. As a result of Defendant's continued sale or advertisement of Unauthorized Dr. Hauschka Products, Plaintiffs has suffered and will continue to suffer irreparable harm to its goodwill and reputation with their retail and end-consumer customers, at least as a result of the confusion about and dissatisfaction with the Unauthorized Dr. Hauschka Products.

41. Plaintiff has no adequate remedy at law for the above immediate and continuing harm. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proved at trial.

43. Plaintiff is entitled to, among other things, an order enjoining and restraining Defendant from offering to sell and selling any Unauthorized Dr. Hauschka Products, including, but not limited to, products intended for sale in the United States, as well as to Defendant's profits, Plaintiff's reasonable attorneys' fees and any other remedies provided by 15 U.S.C. §§ 1116-1117.

**Count II - False Designation of Origin, Passing Off, and Unfair Competition (15 U.S.C. § 1125(a)**

44. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 43.

45. The Dr. Hauschka Trademarks are distinctive trademarks.

46. Defendant's advertising, distribution, offering for sale, and sale of the unauthorized French-language Dr. Hauschka products using the Dr. Hauschka Trademarks has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, and/or association with Plaintiff or the origin, sponsorship, or approval of Defendant's Unauthorized Dr. Hauschka Products by Plaintiff.

47. The differences between Defendant's unauthorized products and Plaintiff's authorized U.S. products are material to consumers. At a minimum, Defendant's products bear French-language labels and packaging intended for foreign markets rather than for authorized sale in the United States, and upon information and belief they do not conform in all respects to the consumer-

facing presentation, information, and other attributes associated with Plaintiff's authorized U.S. products.

48. By using the Dr. Hauschka Trademarks in association with the advertising, distribution, offering for sale, and sale of the unauthorized, materially different Dr. Hauschka Products, Defendant creates a false designation of origin and a misleading representation of fact as to the true origin and sponsorship of the Unauthorized Dr. Hauschka Products.

49. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Dr. Hauschka Products to the general public constitutes a willful violation of 15 U.S.C. § 1125.

50. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of the well-known Dr. Hauschka Trademarks if Defendant's actions are not enjoined.

### Count III - False Advertising (15 U.S.C. § 1125(a)(1)(B)

51. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 50.

52. Defendant's sales or attempted sales of Unauthorized Dr. Hauschka Products to unsuspecting consumers constitutes false advertising, which is a violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

53. Defendant, in connection with the Unauthorized Dr. Hauschka Products, used in commerce a word, term, name, symbol or device, or any combination thereof, or a false designation of origin, false or misleading description of fact or false or misleading representation of fact which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of Unauthorized Dr. Hauschka Products.

54. Defendant advertised, marketed or promoted the Unauthorized Dr. Hauschka Products to the public and/or to specific segments of the public, using the Dr. Hauschka Trademarks.

55. Defendant's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom Defendant has directed its marketing activities. Defendant's false and/or misleading statements are material in that they are likely to influence consumers to purchase products from Defendant and cause competitive and other commercial injuries to Plaintiff.

56. Defendant has made, and continue to make, their false and/or misleading statements with the intent to cause confusion and mistake, or to deceive the public as to the nature, quality, or characteristics of the Unauthorized Dr. Hauschka Products and Defendant's commercial activities. Plaintiff has been damaged as a result.

57. On information and belief, Defendant's actions have been committed deliberately and constitute willful infringement of Plaintiffs' rights in and to the Dr. Hauschka Trademarks.

58. Plaintiff has no adequate remedy at law for the above immediate and continuing harm.  Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's actions.

**Count IV - Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.)**

59. Plaintiff repeats, re-alleges, and incorporates by reference the allegations set forth in Paragraphs 1 through 58.

60. Defendant has, in the course of its business, advertised, offered for sale, distributed, and sold Dr. Hauschka products in Illinois and to Illinois consumers using the Dr. Hauschka Trademarks without Plaintiff's authorization.

61. Defendant has engaged in acts which violate Illinois law including, without limitation: passing off their unauthorized materially different Dr. Hauschka Products as authorized U.S.-market Dr. Hauschka products; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to the affiliation,

connection, or association with Authorized U.S. market Dr. Hauschka Products; representing that their products have Plaintiff's approval when they do not; and engaging in other conduct as described herein which creates a likelihood of confusion or misunderstanding among the public.

62. Defendant's foregoing acts constitute willful violations of the Illinois Uniform Deceptive Trademark Practices Act, 815 ILCS § 510, *et seq.*

63. Plaintiff has no adequate remedy at all and will suffer irreparable harm to its reputation and goodwill of its well-known Dr. Hauschka Trademarks if Defendant's actions are not enjoined.

**Prayer for Relief**

**WHEREFORE**, Plaintiff, Dr. Hauschka Skincare, Inc., prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Dr. Hauschka Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not authorized for sale in the United States and is materially different from Plaintiff's authorized U.S.-market Dr. Hauschka® products;

    b. passing off, inducing, or enabling others to sell or pass off any unauthorized product as an authorized U.S.-market Dr. Hauschka® product or otherwise as a product sponsored by, approved by, affiliated with, connected with, or distributed by Plaintiff under the Dr. Hauschka Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized Dr. Hauschka Products are those sold under the authorization, control, or

supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    **d.** further infringing the Dr. Hauschka Trademarks and damaging Plaintiff's goodwill;

    **e.** manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, Unauthorized Dr. Hauschka Products which bear any of the Dr. Hauschka Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

    **f.** using, linking to, transferring, selling, exercising control over, or otherwise owning a business that is being used to sell products or inventory not authorized by Plaintiff which bear the Dr. Hauschka Trademarks;

**2)** Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Walmart, Wish, Temu, Shein, Alibaba, and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    **a.** disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of Unauthorized Dr. Hauschka Products;

    **b.** disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of Unauthorized Dr. Hauschka Products;

**3)** That Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the Dr. Hauschka Trademarks be increased by a sum not exceeding three times the amount thereof pursuant to 15 U.S.C. § 1117(a);

**4)** That Plaintiff be awarded its reasonable attorneys' fees and costs as available pursuant to 15

U.S.C. § 1117, and other applicable law; and

**5)** Award any and all other relief that this Court deems just and proper.

Dated: May 5, 2026

Respectfully submitted,

/s/Adam E. Urbanczyk
Adam E. Urbanczyk
Brian Swift
AU LLC
444 W. Lake St. 17th Floor
Chicago, IL 60661
adamu@au-llc.com
brians@au-llc.com
(312) 715-7312
*Counsel for Plaintiff Dr. Hauschka
Skincare, Inc.*